and for the petitioner we have Mr. Lucero and for the respondent we have Mr. Wickers. Thank both of you. The case is set for 10 minutes per side and if the petitioner wants to make a rebuttal argument it's best to try to stop before all the time is gone. But if you get in a jam and ask me for some more time I will give it to you. And of course if my colleagues Judge Fletcher or Judge Collins have questions of you, you should go on with your answers to get full explanation no matter how much time it takes. So without further ado let's let Mr. Lucero speak. Thank you Judge Gold. Good afternoon your honors. May it please the court Richard Lucero appearing for the petitioner Mr. Ballinas-Lucero. Your honors in this matter the petitioner applied for cancellation of removal before an immigration judge. The first time before an immigration judge the judge denied relief because he found that he was not eligible due to several theft crimes he had. He had crimes of moral turpitude. The immigration judge denied relief. It was appealed to the board. The board dismissed it. Subsequent to that the petitioner filed a motion to withdraw his guilty plea with the state court. That motion was granted so that essentially vacated all of his theft convictions. In the state court eventually he was left with one theft conviction where he pleaded guilty. Subsequent to that he filed another motion with the board asserting that he was not eligible for relief and the board remanded it back to the immigration judge a second time for the petitioner to proceed with his cancellation of removal case. Do you concede? I want to make sure I understand the narrative. He succeeded in withdrawing his guilty plea to all six counts of the earlier conviction. He was then in a subsequent proceeding convicted on one of them after a guilty plea. That's correct. And if the convictions that were set aside don't count for immigration purposes which is a question in front of us but if they don't count for immigration purposes he is eligible for consideration of cancellation of removal if that one conviction is a petty offense. Is that where we stand? Yes your honor. With that one theft conviction he is eligible to waive that under INA 212A2 which would be a petty offense exception and it would waive the one crime of moral turpitude. I got it. Do you concede that you have the burden of proof to establish that the grounds for the set aside of the prior convictions satisfies the Pickering test? No your honor. I assert that under NAFV Gonzalez where the facts in that case were strikingly similar to this one this court held that the board of immigration failed in placing the burden on the petitioner to show that the vacature was done based on a substantive or procedural defect. So I would argue in this case because we're dealing with the vacature only that the burden would be on government to show that. Was that the case in which the issue of burden arose in the context of a request for relief or was it in the context of deportability? No in that case it was in the context of deportability the issue there was whether or not. Well but the government has the burden of proof on removability but you have the burden of proof to establish entitlement to relief and here the issue is one of relief so why wouldn't it follow that you have the burden? Well I think the issue here has to do more with the vacature. I agree here that the respond the petitioner is applying for a certain relief and generally speaking the petitioner does have the burden to show that he's eligible for relief but I think with this case we haven't even gotten to the relief stage. We're still trying to determine whether or not the matter was vacated based on procedural or substantive process or for other reasons. So I would stand on Navdeep Gonzalez for the proposition that when it comes specifically to determining whether or not a crime was vacated based on procedural or something the defect that the burden would be imposed on the government. How do you deal with the Supreme Court's case in Pareda decided in 1920 in 2021 because that seems to cut against your argument. Yes your honor I would differentiate that case here in the Pareda case we were dealing with a situation the court was dealing with a situation where the petitioner was convicted of a crime under a statute where there were multiple offenses so there was ambiguity in the statute as to what whether or not the petitioner was in fact guilty of an offense that would disqualify him for 42B. That's not the case here so the court in that case held that if there's ambiguity in the record as opposed to what with respect to what the petitioner was actually convicted of it's the burden on the petitioner to show that he was not convicted of a disqualifying crime. Here we're only dealing with the issue of vacature and trying to determine whether or not it was vacated again for procedural or something defective for some other reason. I understand it's not directly on point but sometimes you need to read the Supreme Court's cases beyond the facts to more or less what's stated and it strikes me that the rationale of the court there in there the question in Pareda is eligibility to imply for cancellation of removal as it is here and the court said in circumstance it's a burden is on the petitioner to show the eligibility for cancellation of removal so if I treat it at that level of generality it sounds as though if I treat Pareda at that level of generality it sounds though the burden of proof is on your client. It doesn't mean your client loses but it does shift the burden. Yes your honor and I read the holding a little bit more narrow again I think the holding with Pareda was with respect to a conviction if it's unclear whether or not he was convicted of a disqualifying conviction. No I understand that if you're going to distinguish that I think that's the best you can do. Yes your honor I understand generally speaking it does deal with ambiguity as we have here. I've got a different question and that is it appears to me that the BIA did not apply its own case law with respect to Pickering because as I understand Pickering and then our case law using Pickering in order for the government to reveal here it has to show that the earlier conviction was vacated solely on the ground of immigration consequence or for rehabilitative purposes and that was the argument made below although the Supreme Court rejects excuse me the BIA rejects the argument a kind of a compound rejection but as I look what the BIA decided it did not apply the solely on the ground of rationale of Pickering. Do you agree with that? Yes your honor they did not do that they kind of skirted around the issue and just basically said that the burden is on the on the petitioner but correct matter of Pickering basically says that the burden is on the government to show that it was solely vacated on grounds that were substantive or procedural defect and you are correct it did not apply that test uh here I'm not here I'm no longer interested in who has the burden I'm interested in what has to be shown and the question is whether it has to be shown that it was solely uh and as I read the BIA they did not apply the solely test they applied some different test. I would agree with that your honor. Mr. Lucero if I could interject two simple questions. Yes. One is could you please tell us a little about the crime to which your client did plead guilty and then second if you were to get a chance to get withholding relief what would your client argue are the equities in his favor entitling him to relief? Uh yes your honor the um petitioner was convicted of one charge of um it's a misdemeanor a stealing from an elderly elderly person I don't know too much about the facts of the underlying crime but he was a waiter at a restaurant and somehow he he mishandled tips and so it's one count of misdemeanor stealing from an elderly person um with respect to uh equities uh he does have um relatives children who are um um U.S. citizens and uh he has some time here in the United States so he would argue that his removal from the United States would impose unusual and extremely hard extreme hardship on his qualifying relatives um if uh if he were to be removed from the from the United States uh with respect to the withholding uh he does claim he does have fear of returning to Mexico um unfortunately I haven't uh had a chance to articulate a particular social group but he does fear a return to Mexico based on the the violence in that country. So in order to set aside the conviction you relied on penal code 1018 um as I read the language of that statute it's pretty broadly worded and would allow a set aside for a wide variety of circumstances am I reading that right? Uh yes Justice Collins uh it is vaguely worded I would agree with that but I would invite the court to look at the motion submitted by the petitioner's attorney at the state level he did make constitutional arguments in the motion he stated that he felt that the plea was coerced he stated that he was not provided with discovery and more specifically he made a in support of his motion he cited to the people versus I believe Canan uh in that case the appellate court found that the defendant's guilty plea was constitutionally defective because he did not he was not advised of his um his um the the consequences of pleading guilty so he made several constitutional arguments in his motion to the court and we would assert that the this case the the convictions were vacated based on his constitutional arguments. And I believe my time is up uh your honors unless you have any other questions. If for your playing purposes I'll give you two minutes rebuttal time. Uh thank you Judge Colton. If Mr. Wiggers needs an extra two minutes we'll also give him that. Thank you your honor may it please the court Edward Wiggers for the respondent in this matter to be eligible for cancellation of removal petitioner needed to prove in part that he did not have any disqualifying convictions thus he had to prove either that none of his convictions would fit the terms of those enumerated in the statute or that any disqualifying convictions had been vacated for a substantive or procedural defect and he did not do so. Can I interrupt you right there? Yes your honor. You reiterated essentially the words used by the Pickering doesn't apply? As far as I don't necessarily know that it's a good fit when it's the respondent when it's the applicant's burden for relief your honor. Shifting of the burden doesn't mean that something else has to be approved it just means who has to prove it. Right your honor. And as I read Pickering and our own case law what has to be proved is that it was not a withdrawal of a plea or removal of the conviction solely for rehabilitative or immigration purposes. Isn't that the test? Technically your honor but put another way which is how the board did it in this case the question is whether the basis for the vacator was a substantive or procedural error in the proceedings. Are you familiar with the attorney general's decision in matter of Thomas which addresses the scope of the Pickering standard from 2019? I'm not your honor not off the top of my head I'm afraid. Okay it would seem to be the latest position of the agency on the subject and as I read it it seems to match the standard you describe and does not use the word solely and so the question is whether or not the conviction was defective. If it was defective then it would seem that it's bad no matter what the other reasons were and if it wasn't defective it would seem that it stands that seems to be a sensible rule. Yes your honor and that really is the point of the agency's understanding of Pickering is that as the immigration judge discussed in this case going back and forth with counsel at the hearings. Pickering says that if there's a substantive or procedural defect as the basis for the vacator then the conviction does not count for immigration purposes. If however the vacator was for equitable or rehabilitative or immigration reasons then the conviction still counts for immigration. What standard of review do we apply in assessing the BIA and the IJ's decision as to what the grounds of the conviction set aside? Substantial evidence test your honor. Why? Why isn't the construction of a court order and the meaning of a court order and what the grounds of a court order are a question of law? I mean if this were an issue of preclusion and we had to decide what and what its preclusive effect is we wouldn't treat that as a question of fact would we? It's a question of law. Your honor I think in this specific case the fact is what was in the decision granting the motion to vacate and that was simply the declaration that it was granted. Well we know the underlying facts so we know the facts about what happened at the hearing we know what happened about the papers and what the orders say but now we have to read what did the order resolve and why did it set it aside in light of the record and that I don't see why that's not a question of law. Well to an extent there are legal questions involved in that your honor that would naturally be subject to de novo review as questions of law but the question of the basis for the judge or for the trial judge's decision on the motion itself that's a question of historical fact. But now even if we were to take it as a question of fact what's your response to opposing counsel's response to my question about the scope of 1018? The scope of 1018 may be very broad but the papers that were put in front of the judge and I'm looking at 291 of the AR the only question put before the judge is that good cause was shown that a guilty plea may be any other factor that demonstrates an overreaching of the defendant's free and clear judgment and then it goes on to explain why he didn't make an intelligent voluntary and informed decision. The only ground that's in the motion wasn't oh my gosh the immigration result is harsh and you should really spare me that harsh result it was that this was uncounseled rushed and I didn't know what I was doing and it didn't meet the voluntariness standard so why isn't it clear from this record that it was set aside for exactly the reasons that even under your own test would say that it doesn't count for immigration purposes? Because your honor according to the minutes and I believe it's at page 298 of the record petitioner told the court that he did understand the guilty plea form was translated into Spanish for him. Well but that's going so what are we going to collaterally review the state court order setting it aside we're going to say that was wrong? No your honor it's not the order is not wrong because under 1018 the mere fact that petitioner didn't as changing his mind about deciding to go pro se is a basis for granting the motion that is not however a substantive or procedural defect in the proceedings. 1018 also requires that state trial judges to construe its provisions liberally in looking for a good order had said I find that the conviction I agree that it was not voluntarily and knowingly the guilty plea was not voluntarily and knowingly made. Would you lose that or would you still would we still go behind and look at the original plea record? I think if the order itself said that it was vacating the plea because it was not that the convictions would not apply unfortunately your honor that's not this case. Arguing that because he said I understand when he was entering the original plea that that's preclusive and that he can't thereafter argue I did not understand because that's the argument he makes let me explain later and that appears to be the argument that was accepted by the court that allowed the withdrawal of the plea. Yes your honor because he's already represented to the court in the course of his plea proceedings that he understands and he's choosing to go pro se despite the risks of going pro se and in his motion which does not include an affidavit from petitioner himself merely counsel's argument his motion is arguing that he did not completely understand and now he's in a in the case of hindsight it would have been better to have gone with an attorney to try to get a better result so that is simply him choosing to exercise his right to proceed pro se which the court could not but you know if we talk real world itis and think about the situation this man was in his degree of education in the law the circumstances of having been imprisoned and the statement that if you plead now you're out of here for him to say I understand is a very different thing from saying he understands in the way that we all know we all know that and the argument made to set it aside is that he did not understand it to the degree necessary for the plea have to stick and the judge allows him to withdraw what's wrong with that there's nothing wrong with that as far as withdrawing his guilty pleas which as what happened in the state court however for purposes of the immigration laws he has to show that he was there was a substantive or procedural error in the underlying proceedings wait a minute I know wait a minute the question is what did the state court find when it allowed the withdrawal did the state court allow the withdrawal because it viewed there having had been a mistake or an injustice that required or allowed the withdrawal not what he thought just what the district what the superior court thought when it allowed him to withdraw the plea precisely your honor and we simply don't know so what's what well it's pretty clear what the argument was the argument was not made to the superior court allowing to withdraw the plea because he's been rehabilitated the argument was not made allowing to withdraw the plea because otherwise he will be deported the argument was made he should be allowed to withdraw the plea because his will was overborne and he did not properly understand it now I understand we don't have a formal ruling from the superior court but we have the argument that made was that was made to the superior court and where the answer that was given your honor there's no evidence that his will was actually overborne in light of the fact that he told the court at the at his initial proceedings that this was what he wanted to do now was it a bad choice in hindsight yes 1018 allows you to go back and correct a bad choice in hindsight but correcting a bad choice in hindsight is not the same thing as when you when you say there's no evidence that his will was overborn what do you mean by that the circumstances of the plea strongly suggest that his will was overborn that he was in a situation where with his limited knowledge of English his limited knowledge of the law that his will was overborn and you may say it's not enough evidence but I don't think you can say there's no evidence your honor if that's evidence that uh pro se defendant's will has been voluntarily I'm not sure you took my point you said there is no evidence I say there is some evidence and I just listed it for you circumstantial uh you say it's not enough I don't think you can say there's no evidence if I may respond your honor yes please I would say that in the context of the motion that was written which was focused more on a hindsight view and the fact that petitioner told the trial court that he understood the motion reading the reading the motion to be broader saying his will was totally overborn and he did not understand what he was doing when he told the court he understood is not is would not be the proper approach it's running contrary to what was established in the initial proceeding now if if and I'm not sure what the answer to this is because I'm unfamiliar with matter of Thomas so this is a hypothetical that Rip Pickering and the solely test is the operative test if the operative test is the conviction can be set aside for immigration purposes unless it was set aside solely for immigration purposes or rehabilitation purposes and if the BIA did not apply that test properly is the proper solution for us to do a stated it because of Thomas uh I guess we don't do a remand we either agree or disagree correct yes I would believe so your honor thank you and Mr. Wears if if you have nothing else that you want to say now we'll let Mr. Lucero have his phone that concludes our presentation your honor thank you thank you sir Mr. Lucero please keep it within two minutes I guess thank you Justice Gold uh just in closing I would note here that I think an important detail here is unfortunately for the petitioner uh there was no court reporter present when the motion to vacate these convictions are were argued there is correspondence in the record from the petitioner's criminal attorney at the state level who stated that in the county of Orange for misdemeanor hearings there's no court reporters available so unfortunately that's why we don't have a specific reason as to why the state court judge vacated these specific convictions in addition there is correspondence in the record page 293 of the record of proceedings where the petitioner's counsel at the state court submitted an email to his counsel on immigration purposes stating that the motion to vacate was being submitted based on the sixth amendment violation to the sixth amendment of the United States now granted that's not part of the court record that's a correspondence from his attorney but again I think that just goes to show that this motion was submitted based on constitutional violations and nothing else thank you your honors okay with that this case by by analysis by analysis zero versus scarlet shall now be submitted and the parties will hear from us and of course I again want to thank both Mr. Lucero and Mr. Wickers for appearing to help us out and thank you again thank you for your time your honors thank you in that case shall be returned to the
judges: FLETCHER, GOULD, COLLINS